1
2
3
4
5
6
7
8    **UNITED STATES DISTRICT COURT**
9    **CENTRAL DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| WILLIETTA FRENCH, | ) Case No. ED CV 12-1798 JCG |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM OPINION AND** |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,[1] | ) **ORDER** |
| Defendant. | ) |

Willietta French ("Plaintiff") challenges the Social Security Commissioner's ("Defendant") decision denying her application for disability benefits.  Specifically, Plaintiff contends, among other things, that the Administrative Law Judge ("ALJ") improperly rejected the lay evidence of her sister, Antoinette French, and her niece, Shadonna Nixon.  (Joint Stip. at 24-36.)  The Court agrees with Plaintiff for the reasons discussed below.

/ / /

/ / /

---

[1]   Carolyn W. Colvin is substituted as the proper defendant herein.  *See* Fed. R. Civ. P. 25(d).

A.    The ALJ Failed to Provide Germane Reasons for Rejecting Ms. French's
      and Ms. Nixon's Lay Evidence

"[L]ay testimony as to a claimant's symptoms or how an impairment affects [their] ability to work *is* competent evidence and therefore *cannot* be disregarded without comment." *Stout v. Commissioner*, 454 F.3d 1050, 1053 (9th Cir. 2006) (internal quotation marks, ellipses, and citation omitted) (emphasis in original). Appropriately, then, an ALJ may discount evidence provided by a lay witness only if he provides "reasons that are germane to each witness." *Id.* (citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)).  Further, the reasons "germane to each witness" must be specific.  *Stout*, 454 F.3d at 1054.

Here, the ALJ provided four reasons for rejecting the Third Party Function Reports ("Reports") completed by Ms. French and Ms. Nixon.  (Administrative Record ("AR") at 415.)  The Court addresses, and rejects, each below.

First, the ALJ rejected Ms. French's and Ms. Nixon's Reports because "they are not medical professionals or otherwise qualified to diagnose severe impairments or to assess their effect on the claimant's ability to perform work related activities." (AR at 415.)  But lay witness evidence serves a *different* purpose than medical evidence and is specifically authorized by the Code.  *See* 20 C.F.R. § 404.1513 (discussing different uses for medical and non-medical sources).  Unlike medical evidence, which is used to "*establish* whether [a claimant has] a medically determinable impairment," lay testimony "*show[s]* the severity of [that] impairment[] and how it affects [a claimant's] ability to work." *Id.* §§ 404.1513(a), (d)(4) (emphasis added).  The Ninth Circuit has expressly held that lay witnesses *are* competent to provide opinions on how a claimant's impairments bear on her ability to work.  *See Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009) ("A lay person, [] though not a vocational or medical expert, [is] not disqualified from rendering an opinion as to how [a claimant's] condition affects his ability to perform basic work activities.")  Finally, because this reason would apply to *all* lay witnesses, it is not

2

1  germane to Ms. French or Ms. Nixon particularly.

2      Second, the ALJ rejected the lay evidence of Ms. French and Ms. Nixon

3  because "neither of them mentions [Plaintiff's] drug use." (AR at 415.)  However,

4  the stated purpose of the Report, provided by the Social Security Administration

5  itself, is to gather information regarding "[h]ow the disabled person's illnesses,

6  injuries, or conditions limit her activities." (*See id.* at 106, 576.)  The Report does

7  *not* focus on the illnesses, injuries, or conditions themselves. (*See id.* at 106-21, 576-

8  83.)  Nor does it ask, either explicitly or implicitly, about a claimant's drug use. (*Id.*)

9  Rather, the Report asks very specific questions relating to a claimant's daily routine.

10  (*Id.*)  For instance, the Report asks about a claimant's hygiene regimen, whether she

11  is able to do housework or prepare meals, and if she leaves the house to go shopping

12  or socialize. (*Id.*)  As such, it appears unreasonable for the ALJ to expect Ms. Nixon

13  or Ms. French to include information relating Plaintiff's drug use.  Accordingly, this

14  reason fails.

15      Third, the ALJ rejected Ms. French's and Ms. Nixon's lay evidence because

16  "both the sister and niece are on SSI." (*Id.* at 415.)   While it is true that both Ms.

17  Nixon and Ms. French are disabled and receive benefits, the ALJ does not explain

18  how this fact bears on their credibility as witnesses.  In fact, the Ninth Circuit has

19  previously held that rejection on such grounds is improper. *See Bruce*, 557 F.3d at

20  1116 (holding that the fact that claimant's wife had applied for SSI "should not

21  disqualify her from rendering an opinion regarding her husband's ability to work.

22  Nor did it have any apparent bearing on her credibility.").  Thus, as to this ground,

23  the ALJ's analysis falls short.

24      Fourth, and finally, the ALJ rejected Ms. Nixon's and Ms. French's Reports

25  because they are related to Plaintiff and "live in the same household." (AR at 415.)

26  This however, amounts to a wholesale dismissal of *any* family member who offers

27  lay evidence. *See Smolen v. Chater*, 80 F.3d 1273, 1289 (9th Cir. 1996).  As such,

28  "[t]he fact that a lay witness is a family member cannot be a ground for rejecting his

1    or her testimony." *Id.* at 1289; *see Regenettir v. Comm'r of Social Sec. Admin*, 166
2    F.3d 1294, 1298 (9th Cir. 1999).  Indeed, an eyewitness who interacts with the
3    claimant on a daily basis is in a unique position to know whether the claimant is truly
4    in pain or merely malingering.  *Dodrill*, 12 F.3d at 919.  As such, this reason is not
5    specific to either Ms. Nixon or Ms. French, and is likewise insufficient.

6         For the reasons state above, the ALJ erred in rejecting Ms. Nixon's and Ms.
7    French's lay evidence.  Accordingly, the Court finds that substantial evidence did not
8    support the ALJ's decision.  *See Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir.
9    2001).

10        B.    Remand is Warranted

11        With error established, this Court has discretion to remand or reverse and
12   award benefits.  *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).  Where no
13   useful purpose would be served by further proceedings, or where the record has been
14   fully developed, it is appropriate to exercise this discretion to direct an immediate
15   award of benefits.  *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004).
16   But where there are outstanding issues that must be resolved before a determination
17   can be made, or it is not clear from the record that the ALJ would be required to find
18   plaintiff disabled if all the evidence were properly evaluated, remand is appropriate.
19   *See id.* at 594.

20        Here, there are outstanding issues which must be resolved before a final
21   determination can be made.  On remand, the ALJ shall reconsider the Reports
22   completed by Ms. Nixon and Ms. French, and either credit them or provide germane
23   reasons for rejecting it.

24        Based on the foregoing, IT IS ORDERED THAT judgment shall be entered
25   **REVERSING** the decision of the Commissioner denying benefits and
26   **REMANDING** the matter for further administrative action consistent with this

27

28

4

1  decision.[2/]

2

3  Dated: December 18, 2013

4

5  _____

6  Hon. Jay C. Gandhi

7  United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  [2/]   In light of the Court's remand instructions, it is unnecessary to address

28  Plaintiff's remaining contentions.  (*See* Joint Stip. at 5-24, 38-53.)